IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LATEESHA PATRICE WATKINS, T.L.W., D.L.S., and
S.L.H.,

                              Plaintiffs,

          v.                                          OPINION and ORDER

FOND DU LAC DIST. ATT'Y OFFICE, FOND DU                    25-cv-97-jdp
LAC POLICE DEP'T, DES MOINES POLICE DEP'T,
JODEAN SAMPSON, and WALLICK
COMMUNITIES,

                              Defendants.

---

Plaintiff Lateesha Patrice Watkins, a current Iowa resident, formerly resided at the Maplewood Commons Apartments in Fond du Lac, Wisconsin. Watkins alleges many claims, but the main ones are that she was mistreated at Maplewood by the property manager and other residents, and that she was subjected to unlawful seizure, false arrest, and malicious prosecution. Watkins was charged with child abuse in Fond du Lac County, but the case was ultimately dismissed. Watkins asserts claims under federal law, Wisconsin law, and Iowa law. Watkins is proceeding without counsel.

Because Watkins proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Watkins's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss the complaint for failure to state a claim and improper joinder of multiple claims. But I will allow Watkins to amend the complaint to try to fix the problems with her Fourth Amendment false arrest and malicious prosecution claims concerning the Fond du Lac County child abuse case.

Fond du Lac County is in the Eastern District of Wisconsin, which means that venue is not proper in this court. I will not transfer the case to the Eastern District on my own, because objections to venue are waivable. But Watkins should be aware that if this case proceeds, defendants may file a motion to transfer and the court would likely grant it.

ALLEGATIONS OF FACT

Some of Watkins's allegations are not fully clear, and the lack of clarity has been compounded by Watkins's unsteady handwriting. I will do my best to summarize her material allegations.

Watkins resided at the Maplewood, which is owned by defendant Wallick Communities. Defendant Jodean Simpson was the property manager at the Maplewood.

In May 2021, Watkins's "violent and disruptive" neighbors damaged Watkins's apartment. Dkt. 1 at 3. Watkins reported that incident to defendant Fond du Lac Police Department and told Simpson that Watkins did not feel safe. Simpson said that Watkins would be evicted if Watkins contacted the police department again.

Later that month, Simpson and police department officers approached Watkins after Watkins "ran after" her children. *Id.* Apparently, an officer pointed a gun at Watkins and ordered her to leave her residence.

2

At some point, Simpson and other Wallick employees discriminated against Watkins "concerning [her] ESA" dog. *Id.* at 4. Watkins's dog was eventually impounded.

Watkins fought with neighbors in July 2021. Later that month, police officers entered Watkins's apartment to question her about that incident and refused to leave. After Watkins refused to sign a statement, nondefendant Officer Lopez pointed a gun at the back of her head.

At some point, Watkins complained to Wallick staff and city inspectors about the poor condition of her apartment, but she was threatened with eviction in September and December 2021. A money judgment against Watkins was ultimately obtained, but Watkins alleges that it was in retaliation for her complaints to investigators and the U.S. Department of Housing and Urban Development (HUD).

In November 2021, Watkins was charged with criminal child abuse in Fond du Lac County case no. 2021CF934. Prosecutors for defendant Fond du Lac County District Attorney's Office "knowingly" brought the case even though they lacked enough evidence. *Id.* at 7. Apparently, the prosecutors relied on false police reports. According to the docket sheet in the '934 case, Watkins failed to appear on a summons and was arrested in February 2022, apparently while living in Iowa. At some point, Watkins spent 31 days in jail. The charge was dismissed in March 2023.

While the '939 case was pending, Watkins had relocated to Iowa. In early February 2022, Watkins called the police because her ex-girlfriend assaulted her. Des Moines Police Department officers came to the house and kicked down the door.

Sometime later, Watkins let Lopez and other Des Moines officers enter her residence. Officer Lopez held a gun to the back of Watkins's head, and a white officer said that the officers

3

didn't need a warrant. The officers accused Watkins of child neglect, and another officer later pointed a gun at her from the opposite side of a vehicle.

## ANALYSIS

I take Watkins to bring: (1) a retaliation claim under the Fair Housing Act (FHA); (2) a disability discrimination claim under the FHA and the Americans with Disabilities Act (ADA); (3) a Fourth Amendment claim based on unlawful seizure and false arrest; (4) a Fourth Amendment malicious prosecution claim; (5) a Fourth Amendment excessive force claim; and (6) a claim under 18 U.S.C. § 242. I also take Watkins to bring negligence and defamation claims under both Wisconsin and Iowa law. Watkins seeks damages.

### A.  Preliminary matters

Before analyzing the specific claims, I address two preliminary problems with the complaint in general.

#### 1.  Improper plaintiffs

Watkins attempts to bring claims on behalf of her children. But "parties may [only] plead and conduct their own cases personally" in federal court. *See* 28 U.S.C. § 1654. The right to proceed without counsel is "personal to each individual and does not grant authority to prosecute an action in federal court on behalf of others." *Bronk v. Utschig*, No. 12-cv-832-wmc, 2012 WL 6586485, at *3 (W.D. Wis. Dec. 17, 2012); *see also Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (stating that § 1654 provides "a personal right that does not extend to the representation of the interests of others"). A parent "cannot litigate the claims of h[er] children unless [s]he obtains counsel." *Tuttle v. Ill. Dep't of Child. & Fam. Servs.*, 7 F.3d 238, at *1 (7th Cir. 1993) (unpublished order).

Watkins is not a lawyer, so she cannot assert her children's rights in this court. I will not allow Watkins to proceed on any claim for which he asserts her children's rights.

## 2.  Improper joinder

Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. Courts may consider whether the plaintiff has improperly joined defendants when screening a complaint. *See Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018).

Watkins's allegations of mistreatment by Des Moines officers arise from different events than her allegations of mistreatment by Fond du Lac officials and Wallick employees. I have discretion to sever the allegations about mistreatment in Iowa into a separate lawsuit, but I will not do that for two reasons. First, Watkins has not stated a plausible civil rights claim based on these allegations. Watkins did not name the Des Moines officers responsible for the alleged mistreatment as defendants in the complaint's caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). Watkins named the Des Moines Police Department itself, but she did not identify any policy or custom that caused the constitutional violations that she asserts, which would be the only way to assert viable a claim against the Des Moines Police Department or Des Moines itself. *See Montano v. City of Chicago*, 535 F.3d 558, 570 (2008). Second, Wisconsin would not be the proper venue for claims based on events that occurred in Des Moines, *see* 28 U.S.C. § 1391(b)(1)–(2), and it is implausible that the court would have personal jurisdiction over the Des Moines defendants.

I will not allow Watkins to proceed on any claim based on events that occurred in Des Moines or against the Des Moines Police Department. Watkins would have to pursue these

claims in the Southern District of Iowa. The remaining analysis focuses on Watkins's claims based on events that occurred in Wisconsin.

## B.  Watkins' claims

### 1.  FHA retaliation claim

To state a retaliation claim under the Fair Housing Act, Watkins must allege that: (1) she engaged in protected activity; (2) she suffered an adverse action; and (3) there was a causal connection between the two. *See Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 868 (7th Cir. 2018); *see also Riley v. City of Kokomo*, 909 F.3d 182, 191–92 (7th Cir. 2018). To ensure that its anti-discrimination mandates are enforced, "the FHA protects an individual's ability to report a discriminatory housing practice to a housing provider or other appropriate authority." *See Riley*, 909 F.3d at 192.

Watkins bases her FHA retaliation claim on two allegations: (1) Simpson told Watkins that Watkins would be evicted if Watkins contacted Fond du Lac police about her disruptive neighbors again; and (2) Wallick obtained a money judgment against Watkins for damage to her apartment after Watkins complained to Wallick staff, city inspectors, and HUD about its poor condition. Even if Simpson and Wallick took these actions because Watkins complained about her neighbors and the condition of her apartment, Watkins does not allege that she engaged in activity that the FHA protects, such as reporting a *discriminatory* housing practice. Discrimination under the FHA generally involves discrimination in housing-related activities based on "race, color, religion, sex, familial status, national origin, and disability." *See Kummerow v. Ohawcha.org,* No. 21-cv-635-wmc, 2022 WL 873599, at *3 (W.D. Wis. Mar. 24, 2022); *see also* 42 U.S.C. § 3604.

Watkin's FHA retaliation claim would likely be untimely. "Under the Fair Housing Act, a plaintiff may commence a civil action not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." *Lyons v. Gene B. Glick Co., Inc.*, 844 F. App'x 866, 869 (7th Cir. 2021) (alterations adopted) (citing 42 U.S.C. § 3613(a)(1)(A)). Watkins bases this claim primarily on threats of eviction made in May, September, and December 2021, but Watkins brought this lawsuit more than three years later in February 2025.

### 2. FHA and ADA disability discrimination claims

I take Watkins to base her FHA and ADA disability discrimination claims on the allegation that Simpson and other Wallick employees discriminated against her regarding her "ESA dog," and on the dog's eventual impoundment. These claims have a common problem. A "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). But Watkins neither explains how Wallick employees discriminated against her regarding her dog or describes the circumstances that led to its impoundment.

The disability discrimination claims have other problems. The FSA disability discrimination claim is untimely. Watkins does not specify when Simpson and other Wallick employees discriminated against her regarding her dog, but it's clear from the general context her allegations that these actions occurred before January 2022. Watkins brought her complaint more than three years later, a year after the two-year limitations period had expired.

The ADA disability discrimination claim has two more problems. First, Watkins brings this claim under Title II of the ADA, but that provision applies only to public entities, not a private entity such as Wallick. *See* 42 U.S.C. § 12132. Title III of the ADA would not apply

either because a private apartment building is not a place of public accommodation. *See Bass v. Brannen*, No. 23-cv-354, 2024 WL 1408212, at *4 (N.D. Ill. Apr. 2, 2024). Second, even if Watkins could otherwise bring a Title II ADA claim against the governmental defendants, "[e]motional support animals are not considered service animals which fall under Title II's mandate." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 740 (7th Cir. 2016). I will not allow Watkins to proceed on her disability discrimination claims.

### 3. Fourth Amendment claims

#### a. Unlawful seizure claim

I take Watkins to base her unlawful seizure claim on the following allegations: (1) a Fond du Lac officer pointed a gun at her and ordered her to leave her residence in May 2021 after she ran after her children; and (2) Fond du Lac officers entered her residence in July 2021 to question her about a dispute with neighbors and refused to leave, during which Lopez pointed a gun at the back of her head.

I will not allow Watkins to proceed on her unlawful seizure for several reasons. Watkins does not name any of the officials responsible for the conduct underlying these claims as defendants in the complaint's caption. *See Myles*, 416 F.3d at 551. Watkins refers to Officer Lopez by name, but Watkins did not name him as a defendant in the complaint's caption. Also, it's implausible that Lopez worked for the Fond du Lac police department because Watkins more directly alleges that he worked for the Des Moines police department. Watkins names the Fond du Lac Police Department and District Attorney's Office as defendants, but they are not suable legal entities under 42 U.S.C. § 1983. *See Pressley v. City of S. Milwaukee*, No. 21-cv-148, 2022 WL 3603556, at *17 (E.D. Wis. Aug. 23, 2022); *Ingram v. Wis. Emps.*, No. 09-cv-331, 2009 WL 1871779, at *3 (E.D. Wis. June 26, 2009).

There is yet another problem: the unlawful seizure claims are untimely. A plaintiff need not anticipate or rebut a statute of limitations defense in her complaint, but dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if the plaintiff's allegations show that the statute of limitations clearly bars recovery. *See Sabo v. Erickson*, 128 F.4th 836, 842 (7th Cir. 2025) (en banc); *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022). To determine the proper statute of limitations for § 1983 actions, "a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). The relevant statute of limitations here is three years. *See Soto v. Staneic*, No. 24-cv-380-jdp, 2025 WL 1344756, at *2 (W.D. Wis. May 8, 2025).

Although Wisconsin's limitations period applies, federal law governs when Watkins's Fourth Amendment claims accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Under federal law, Watkins's claim accrued when she knew, or should have known, that defendants violated her Fourth Amendment rights. *See Milchtein*, 42 F.4th at 822. As a general rule, a plaintiff would have reason to know of a Fourth Amendment violation based on unlawful seizure not followed by criminal proceedings when the seizure occurs. *See Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010).

I take Watkins to allege that she was unlawfully seized during her interactions with Fond du Lac officers in May and July 2021. But she brought her complaint in February 2025, well after the three-year limitations period had expired. The unlawful seizure claims are untimely.

### b.  False arrest claim

I take Watkins to bring a false arrest claim based on allegations that she was charged with child abuse in the '934 case in November 2021 because Fond du Lac officers made false statements about her in police reports.

"[F]alsifying the factual basis for a judicial probable-cause determination violates the Fourth Amendment." *Lewis v. City of Chicago*, 914 F.3d 472, 477 (7th Cir. 2019). If an officer makes false statements in a police report, and the false statements contributed to a judicial determination of probable cause, the officer's conduct violates the Fourth Amendment. *See id.* Watkins has failed to state a plausible false arrest claim for three reasons. First, Watkins does not identify the officers who made false statements about her in police reports filed in the '934 case. Second, Watkins does not name those officers as defendants in the complaint's caption. *See Myles*, 416 F.3d at 551. Third, Watkins does not allege in reasonable detail the content of the false statements, so I cannot plausibly infer that the statements were false and contributed to a judicial determination of probable cause. *See Iqbal*, 556 U.S. at 678. I will not allow Watkins to proceed on her Fourth Amendment False arrest claim, but I will allow her to amend her complaint to try to fix the problems identified here.

### 4.  Fourth Amendment malicious prosecution claim

Watkins does not state a viable malicious prosecution claim for three main reasons. First, as with the false arrest and unlawful seizure claims, Watkins does not name any of the officials responsible for the conduct underlying her malicious prosecution claim as defendants in the complaint's caption, and the agency defendants are not suable legal entities.

Second, a prosecutor is immune from a § 1983 lawsuit for damages based on initiating a prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Watkins seeks relief from the

District Attorney's Office and its prosecutors based on the initiation of the '934 case, so prosecutorial immunity bars this claim as asserted against them.

Third, Watkins has not otherwise stated a plausible malicious prosecution claim. To state a claim, Watkins must plausibly allege that defendants initiated a criminal prosecution against her: (1) without probable cause; (2) with malice (i.e., a purpose other than bringing her justice); and (3) that ended without a conviction. *See Thompson v. Clark,* 596 U.S. 36, 44, 49 (2022); *Evans v. Matson*, No. 23-2954, 2024 WL 2206638, at *2 (7th Cir. May 16, 2024). The '934 case ended without a conviction; the issue is whether Watkins has plausibly alleged the first and second elements.

On the first element, probable cause means that the circumstances that an official is aware of are enough for a prudent person to believe that the suspect has committed an offense. *See United States v. Hill*, 818 F.3d 289, 294 (7th Cir. 2016). Watkins does not expressly allege that the '934 case was brought without probable cause, and her allegations are too vague to suggest that to be the case.

As for malice, Watkins alleges that she was charged with child abuse even though: (1) Fond du Lac officers made false statements about her in police reports; and (2) prosecutors lacked sufficient evidence that she committed that offense. But, as I explained above, Watkins hasn't plausibly alleged that any officer made any false statement about her in any police report filed in the '934 case. Even if a police report contained a false statement, that would not necessarily mean that an officer made the statement out of malice; it could have been an honest mistake. Nor does the vague allegation that prosecutors lacked sufficient evidence that Watkins committed child abuse plausibly suggest that they brought the '934 out of malice. I will not

allow Watkins to proceed on a malicious prosecution claim. But I will allow her to amend her complaint to fix the problems with this claim.

### 5. Fourth Amendment excessive force claim

Watkins bases her excessive force claim on allegations that Fond du Lac officers pointed guns at her or held them to the back of her head. First, like the other claims, Watkins does not name any of the officials responsible for the conduct underlying her excessive force claim as defendants in the complaint's caption, and for reasons explained above, she has no viable claims against the entity defendants. Second, the excessive force claim is untimely. This claim accrued when the excessive force was applied, which Watkins alleges occurred in May and July 2021. *See Evans*, 603 F.3d at 363. Watkins brought this case more than three years later in February 2025.

### 6. Claim under 18 U.S.C. § 242

I will not allow Watkins to proceed on a claim under § 242 because it is a criminal statute and, therefore, "does not create a private right of action." *Nasserizafar v. Ind. Dep't of Transp.*, 546 F. App'x 572, 574 (7th Cir. 2013).

### 7. Wisconsin-law claims

Watkins brings negligence and defamation claims under Wisconsin law. I will not allow Watkins to proceed on these claims for two reasons. First, Watkins has failed to state plausible negligence and defamation claims. Watkins hasn't alleged facts suggesting that any defendant breached any duty owed to her, or communicated a false, unprivileged statement to a third party. *See Paul v. Skemp*, 2001 WI 42, ¶ 17 (elements of negligence); *Amoroso v. Schuh*, 278 F. Supp. 3d 1106, 1111 (W.D. Wis. 2017) (elements of defamation).

Second, the Wisconsin-law claims are untimely. The basic rule is that a three-year statute of limitations applies to both negligence and defamation claims. *See* Wis. Stat. Ann. § 893.54; Wis. Stat. § 893.57. It's clear that she bases her Wisconsin-law claims on events that occurred before 2022, but she brought this case more than three years later in February 2025.

CONCLUSION

I will allow Watkins to file an amended complaint that attempts to fix the problems described above with her Fourth Amendment false arrest and her Fourth Amendment malicious prosecution claims against the individual Fond du Lac officers who initiated the '934 case. None of her other claims are ones that she may proceed on in this court.

In drafting the amended complaint, Watkins should remember to:

- Carefully consider whether she is naming proper defendants and omit defendants who did not personally participate in or cause a violation of her Fourth Amendment rights. Watkins must take care to allege what each defendant did, or failed to do, to violate her constitutional rights.

- Watkins should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Watkins believes supports a claim, she should identify each defendant who took that action.

- Identify by full name all the individual officers whom she wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims she wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Lateesha Patrice Watkins's complaint, Dkt. 1, is DISMISSED for failure to state a claim for which I could grant relief.

2. Plaintiff may have until October 6, 2025, to submit an amended complaint that fixes the problems identified in this order with her Fourth Amendment false arrest and malicious prosecution claims against individual FDLPD officers related to the initiation and ultimate dismissal of the '934 case.

3. Plaintiff must file her amended complaint on the court's nonprisoner complaint form, which the court will send her with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege her claims, she may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. T.L.W., D.L.S., and S.L.H. are to be removed from the case.

7. Plaintiff must inform the court of any new address. If she fails to do this and defendants or the court cannot locate her, this case may be dismissed.

8. The clerk of court is directed to send plaintiff a copy of the court's nonprisoner complaint form.

Entered September 5, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge